*Schreiber & Rozier, C. Edwin Rozier,* contra.

41078. BREMEN PRODUCTS COMPANY v. CRUSSELLE et al.

DECIDED FEBRUARY 17, 1965.

*Oscar W. Roberts, Jr.,* for plaintiff in error.

*Tisinger & Tisinger, David H. Tisinger, Aubrey W. Gilbert,* contra.

FELTON, Chief Judge. The record in the former appeal shows that Carroll County filed an amendment before the rulings excepted to were made. The amendment is as follows: "Defendant, Carroll County, having already shown in its answer that the amount of $1,545.92 is owed for materials on the State Patrol Station Headquarters at Villa Rica, Georgia, and that said amount is owed either to Bremen Products Company or Ledbetter-Johnson Company, now said defendant desires to pay into the treasurer of the court said sum of $1,545.92, to be awarded to the proper party as may be designated by this court." The amendment was allowed and ordered filed, which had the effect of placing the money into the registry of the court. The former appeal was carried to the Supreme Court which transferred the case to this court, which necessarily meant that no equitable question was involved and particularly that the amendment of Carroll County placing the money in court did not amount to an interpleader. The effect of the ruling by this court in the former case is that Carroll County was out of the case by reason of the sustaining of the intervenor's demurrers and that as a consequence, under the facts, the intervenor was out of the case since it took the case as it found it upon intervention and the intervention fell when the case against Carroll County fell. Since the lower court judgment removing Carroll County from the case was affirmed no further amendment to the petition against Carroll County was permissible. It follows that the subsequent effort of the plaintiff to amend in the state of the pleadings was not permissible

and the judgment appealed from must be affirmed under any view, whether because the case was out of court as to Carroll County or because the intervenor had no standing in court because it had put itself out of court by obtaining a judgment dismissing Carroll County as a party defendant. All that this court held in the case was that the petition against Carroll County was no good for the sole reason that it was not alleged that Carroll County failed to obtain the bond required by law. These facts show that the situation as to the money in court is that it has been deposited there to be paid to the person or persons entitled thereto. No order of court deciding to whom it belongs has been made. It seems to us that this situation calls for the filing of claims by parties claiming the money and that the facts require application of the law in cases of money rules in which the funds claimed are awarded by the court upon equitable principles.

The court did not err in ruling that the case was not revived by an amendment to the petition after a final judgment putting Carroll County out of the case.

*Judgment affirmed. Jordan and Russell, JJ., concur.*